## City of Nanticoke v. Williams et al.

*R. A. Livingston*, for plaintiff.
*E. F. McGovern*, for defendants.

JONES, J., March 16, 1935.—The following facts were agreed upon as a case stated for the opinion of the court:

1. The City of Nanticoke is a city of the third class of the Commonwealth of Pennsylvania.

2. On April 3, 1934, the city council, pursuant to the Act of June 23, 1931, P. L. 932, appointed Edward Williams, educator, Dr. Rudolph Martin, physician, and Martin Mundry, layman, to act as a civil service board for the examination of applicants for positions in the police department, and on the same day appointed the same educator and physician and Joseph Benick, as a civil service board for the examination of applicants for appointment as health officer and inspector in the health department, and on the same day appointed the same three men as a civil service board for the examination of applicants for appointment to positions in the engineering and electrical departments and to the position of

building inspector, and all the appointees qualified as members of each respective board and acted as such.

3. On April 23, 1934, before said boards announced or held any examinations pursuant to their appointment, the city council, at a regular meeting, by resolution adopted by a majority of the city council, dismissed the said appointees as members of the civil service board, to which they had been appointed on April 3d, and on the same day, by resolution, appointed John Davis, an educator, Dr. Peter Ringawa, a physician, and Martin Mundry, a layman, to serve as members on each of the civil service boards of the city. Davis refused the appointment and Frank Chicknosky was appointed in his place.

4. Both civil service boards, as above constituted, conducted examinations in the city and each has certified to the city council a list of persons eligible for appointment to positions under the act aforesaid.

Did the city council have the right and authority to remove the members of the civil service boards appointed on April 3, 1934, and, later, to appoint others in their place?

## Discussion

The civil service commission was instituted to correct the abuse of the spoils system. It was intended to put the merit system of selecting employes in place of the spoils system and insure tenure during good behavior and separate the administration from politics. In order to accomplish these things, the municipal civil service commission should be a continuous, impartial body, composed not of ordinary office seekers, but of substantial citizens, and if so constituted, it would prevent such conduct as is involved in this case stated, where the appointing power seems to have been juggling with their civil service board without any reason since none is stated in the agreed facts.

Is there any legal authority for such conduct? The answer lies in the inquiry—are the members of the civil

service board "officers" within article VI, sec. 4, of the Constitution providing: "Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed."

The latest utterance by an appellate court as to who are officers within this section is in Finley v. McNair et al., 317 Pa. 278, wherein it was held that the terms "all officers", "appointed officers", and "all officers elected by the people" within this section include officers of the State, a county or a municipality, citing Houseman et al. v. Commonwealth, ex rel., 100 Pa. 222, and Richie v. Philadelphia, 225 Pa. 511.

"Our cases have distinguished such 'officer' from 'subordinate ministerial agents or employes', such as 'policemen, firemen, watchmen and superintendents of public property under the orders of the municipal department' . . . In determining whether a position is an office or an employment, it is generally said that the 'question must be determined by a consideration of the nature of the service to be performed by the incumbent, and of the duties imposed upon him, and whenever it appears that those duties are of a grave and important character, involving in the proper performance of them some of the functions of government, the officer charged with them is clearly to be regarded as a public one': Richie v. Philadelphia, supra, at p. 515. Other elements in the problem are whether the duties are designated by statute, whether the incumbent serves for a fixed period, acts under oath, gives a bond, and the source or character of the compensation received."

The civil service provision in the Act of June 23, 1931, P. L. 932, art. XLIV, relating to cities of the third class, provides for the appointment of civil service boards in cities of the third class, the board to consist of three citizens, who shall be elected by council for terms of four years or until their successors are elected and qualified; each,

before entering upon the duties of his office, to take and subscribe to the oath of office prescribed by the act, but no salary or compensation to be paid to any member thereof, and section 901 of article IX of the same act provides that council shall have the power of appointment and dismissal of all employes and subordinate officers of the city, and shall provide for the removal of officers of the city whose officers are established by ordinance, except where otherwise provided by this act.

In Houseman et al. v. Commonwealth, supra, it was held that no restricted meaning can be attached to the words, "all officers", "appointed officers", and "all officers elected by the people", in the fourth section of the sixth article, supra, upon the theory that such restriction is either suggested or required by the reading of other clauses of the Constitution. On the contrary, we think that such reading is in hostility to such a theory, and in confirmation of the generality of meaning which those expressions in themselves plainly import.

In Georges Township School Directors, 286 Pa. 129, 133, it is said, the constitutional method of removal must be resorted to, where applicable, for it is " 'exclusive and prohibitory of any other mode which the legislature may deem better or more convenient': Commonwealth v. Benn, 284 Pa. 421, 428.

"Again, it is to be noted that, in so far as appointive officers are concerned, there is the right, under the provision cited, on the part of the one selecting to remove at his own pleasure . . . and this applies not only to officers designated by the governor, but to those permitted by the legislature to make the appointment in question, whether the employment be by the State, a county, or municipality".

In State, ex rel., v. Superior Court for Spokane County 153 Wash. 139, 279 Pac. 601, the charter of the City of Spokane provided for the creation of a civil service commission as follows:

"There is hereby established a civil service commis-

sion, which shall consist of three members, who shall be appointed by the council, and shall serve without compensation, and whose term of office shall be for six years, except as herein next provided. The council first elected under this charter, as soon as practicable after its election, shall appoint one member of said commission to serve for two years, one member to serve for four years, and one member to serve for six years. Any vacancies in the commission shall be filled by the council for the unexpired term."

It was determined that the City of Spokane, acting through its governing body, its city council, had authority to hear and determine charges against a member of its civil service commission and that the city council might in a proper case and after due proceedings had, remove such civil service commission from office.

Much as we regret, we are forced to conclude that the members of the civil service board are "appointed officers" and may be removed at the pleasure of the borough council in whom is vested the power of their appointment.

We are, therefore, of the opinion that the removal of Edward Williams, Dr. Rudolph Martin and Joseph Benick, as civil service board members was a valid exercise of power and the civil service boards appointed by the council on April 23 and May 15, 1934, constitute the legal civil service boards within the City of Nanticoke.